Mr. Justice Clayton
delivered the opinion of the court.
This is an appeal from an order of the superior court of chancery, dissolving an injunction. The facts, so far as the point now before the court is involved, are briefly these : The defendant, Searles, and one Vanderherst, now deceased, became the *505 administrators of the estate of Johnson Silverberg, deceased. At their sale of the personal estate of the decedent, his widow purchased property to the amount of more than $4000, and executed her note with sureties payable to the administrators. Yanderherst died; Searles continued to act as administrator until May, 1841, when he settled his account and resigned. The note of Sarah Silverberg is still unpaid, and it was assigned by Searles to his co-defendant, Laughlin, in payment of a debt of his own, whether before or after his resignation, does not distinctly appear.
The bill was filed by the administrator de bonis non of Silver-berg, for the purpose, among others, of restraining the collection of the note by Laughlin, and of having it delivered up to the complainant. There are a great many other parties, and a great variety of incongruous objects in the bill, but with these we have at present no concern. The chancellor dissolved the injunction, from which order this appeal was taken.
In Prosser v. Leatherman, 4 How. 240, the court decided that a transfer of a note due to an estate, by the administrator, in payment of his own debt, gave no right of recovery to the as-signee with notice. In Miller v. Helm, 2 S. & M. 695, the court said : The note has been improperly transferred, and the complainant seeks its restoration, together with a foreclosure of the mortgage, for which last purpose at least, chancery is the proper forum.” The case of Stubblefield v. McRaven, 5 S. & M. 180, was in many of its features very much like this. The court said, if McRaven (who was the first administrator,) is proceeding to collect debts, which properly belong to the estate, he may be prevented, as the law substitutes complainant to all rights which may be necessary to prosecute for claims against the estate.”
The fair inference from these cases is, that the complainant had a right to the injunction in this cause, and that it was improperly dissolved. The right of a court of equity to compel a delivery of the note is apparently less clear. In Miller v. Helm this point was waived.
The assets of an estate constitute a trust fund for the payment of debts and legacies, or distributive shares. Each suc *506 cessive administrator is a trustee. If it be necessary for the administrator de bonis non to come into equity, to preserve the fund from waste, the court, in order to aid in the execution of the trust, and to prevent multiplicity of suits, may finally dispose of the case, and give relief.
In this case Searles claims an interest of about one-third in the note, on account of what is due him from the estate, and asserts a right to retain to that extent.
A cause of action is entire, and cannot be severed. A part of a note cannot be transferred, -so as to give right to sue for such part. The complainant, therefore, has a right to the note, that he may proceed to collect it. Yet the chancery court should make such order as will protect the interest of Searles or his assignee. The rights of all may be thus preserved.
Nothing but the order dissolving the injunction was appealed from, we are consequently confined to that order. The same is hereby directed to be reversed, the cause remanded, and the injunction retained until the note is delivered to complainant.
What further order may be necessary in regard to other parties, and other objects of the bill, we do not now undertake to say.
Decree reversed and cause remanded.